# Exhibit N

**STATE OF ILLINOIS**
**BRUCE RAUNER, GOVERNOR**
# PRISONER REVIEW BOARD
Craig Findley, Chairman

---

~~Drizin's Law Student: Michael has been in prison for 44 years. There have been no violent infractions and his record has improved. He has shown full remorse and acknowledgement. He still fully denies being in a gang. There is no proof that he was involved in gangs.~~

~~Attorney Steven Drizin: The gang information surfaced in 2005 after Mr. Henderson had seven votes. He has never had any gang tickets. The Illinois State Police files are unknown. He does not want to go back to East St. Louis where the crime occurred. He wants to go to Chicago. In regards to the letter, he said he became hopeless and wanted to show the family that he's changed. He should have never sent it; however, he will never again have contact with Victim's family.~~

~~Motion to deny parole (JC-PF). Motion prevails by a vote of 7 to 7. Leave.~~

~~*"The Board makes a specific finding that the release of victim protest letters could subject a person to actual risk of physical harm."*~~

---

### EN BANC MINUTE SHEET
### OPEN SESSION— DECEMBER 14, 2017

Inmate Name: **Larry Hoover**        IDOC Number & Institution: **C01829**

The Illinois Prisoner Review Board met in open *en banc* session at 319 East Madison Street, Suite A, Springfield, Illinois, on December 14, 2017 at the 9:00 a.m. session to discuss and deliberate parole eligibility for Larry Hoover, IDOC #C01829.

Members present were: J. Clough, E. Crigler, S. Diaz, D.W. Dunn, C. Findley, P. Fisher, V. Harris, E. Johnson, T. Johnson, V. Martinez, W. Norton, A.M. Perkins, D. Shelton and K. Tupy

Other(s) present: Lindsey Conder, Recording Secretary

Motion to deny parole (KT-AMP). Motion prevails by a vote of 14 to 0. Leave.

Motion for a 5-year set (KT-AMP). Motion prevails by a vote of 11 to 3. Members voting in favor of the motion are: Mr. Clough, Mr. Diaz, Mr. Dunn, Mr. Fisher, Ms. Johnson, Mr. Johnson, Ms. Martinez, Mr. Norton, Ms. Perkins, Mr. Shelton and Mr. Tupy.

*"The Board makes a specific finding that the release of victim protest letters could subject a person to actual risk of physical harm."*

Illinois Prisoner Review Board
EN BANC MINUTE SHEET
OPEN SESSION December 18, 2014

Inmate Name: Larry Hoover     IDOC Number & Institution: C01829

The Illinois Prisoner Review Board met in open En Banc session at 319 E. Madison Street, Springfield, IL, on December 18, 2014, at the 8:00 a.m. session to discuss and deliberate parole eligibility for the following inmates:

Members present were: A. Blackman-Donovan, E. Bowers, E. Crigler, S. Diaz, E. Gregg, C. Findley, V. Harris, T. Johnson, W. Norton, J. Parrack, D. Shelton and Geraldine Tyler
Other(s) present: K. Knappmeyer, Recording Secretary

Summary of discussion for parole consideration: Member Findley presented a summary of the parole interview and a review of all file materials.

Larry Hoover may be the most interesting inmate alive today. He is revered and respected by some, despised and feared by many.

Now 60 years old, as a teenager Mr. Hoover formed a small group of young men into a street gang to engage in criminal activity. As the gang's membership grew so did his influence. Other criminal organizations were merged, territories were expanded, competition eliminated. And Mr. Hoover, soon to become known as King Hoover, form an alliance of rival gangs into an organization known as the Folk Nation, with Hoover's Gangster Disciples the strongest of all. He became the unquestioned leader of an estimated 35,000 gang members, operating his criminal enterprise from the Vienna Correctional Center where he was serving a 1973 sentence of 150-200 years for the murder of 25-year-old William Young. Mr. Young made the fatal mistake of robbing one of Hoover's drug houses.

A lengthy profile in the Chicago Reader and other stories about Hoover available on the internet speak of his efforts to describe the Gangster Disciples as evolving into an organization called Growth and Development. The GD's worked to develop political influence ostensibly for the benefit of the African American community, all while engaged in leading a narcotics conspiracy with more than 6,000 co-conspirators. Public officials rallied to his support. One of them, my GA colleague Larry Bullock, later went to federal prison for his ties to the GDs.

It all came to an end at Vienna. While Hoover knew that prison telephone calls could be recorded, he gave orders to subordinates during frequent private visitations. What he did not know was that Federal investigators altered visitor badges and were able to eavesdrop on conversations. This recorded evidence was so overwhelming that upon appeal the 7th circuit wrote' tapes of intercepted conversations, evidence so crushing that the rest of the prosecutor's case scarcely mattered."

He was convicted of narcotics conspiracy, engaging in a continuing criminal enterprise and other offenses. The sentence was life imprisonment and he was remanded to the Federal Correctional Center at Florence CO, the most secure BOP institution.

Mr. Hoover had not received an in-person PRB interview for 14 years, although he was interview by telephone in 2003, 2005 and 2012- twice declining phone interviews in 1999 and 2008.

Chairman Monreal determined that Mr. Hoover should have the opportunity for a face-to-face interview. Ms. Buckley made necessary arrangements with BOP and an interview was scheduled in November. Without explanation or any parole submission on his part, Mr. Hoover wrote that he did not want an interview.

With the exception of a 1999 charge of assault with serious injury, punished with loss of commissary for 120 days and segregation for 60 days, Mr. Hoover has not been disruptive. He is unemployed but demonstrates intellectual curiosity through dozens of educational courses ranging from a history of impressionism, to birth of the Modern mind and two classes on the Peloponnesian War.

His federal conviction was affirmed on appeal. He will never be discharged from federal custody and his discharge from Illinois custody will occur in 2064.

Parole discharge for the Illinois offense, even though he would remain in federal custody, cannot be permitted. I can think of no other individual whose parole would do more to deprecate the seriousness of the offense and promote disrespect for the law.

Cook County Assistant State's Attorney Groth stated they are opposed to parole.

Motion to deny parole. CF – EB. Motion carries 11-1. Member Tyler dissented.

Motion for a three year set. CF – GT. Motion carries 12-0.

"The Board makes a specific finding that the release of victim protest letters could subject a person to actual risk of physical harm."

## Illinois Prisoner Review Board
## EN BANC MINUTE SHEET
## OPEN SESSION March 22, 2012

Inmate Name: **Larry Hoover**     IDOC Number & Institution: **C01829**

The Illinois Prisoner Review Board met in open En Banc session at 319 E Madison, Springfield, IL, on March 23, 2012, at the 8:00 a.m. session to discuss and deliberate parole eligibility for the following inmates:

Members present were: Chairman A. Monreal, E. Althoff, E. Bowers, E. Crigler, S. Diaz, C. Findley, J. Madison, J. Parrack, M. Reynolds, N. Sula, W. Simmons, G. Tyler

Other(s) present: K. Knappmeyer, Recording Secretary

Summary of discussion for parole consideration: Chairman Monreal presented a summary of the parole interview and a review of all file materials.

Inmate Hoover was interviewed by Chairman Monreal on February 22, 2012, via telephone. He is currently housed at a Federal Correctional Center in Colorado. His IDOC parent facility is Dixon Correctional Center. Also present at the hearing was Member Edith Crigler and Ms. Tyra Jones (IPRB), Mr. Clay Hood and Mr. Daniel Jones (Federal Correctional employees).

Projected Release Date: September 2, 2065 (Illinois conviction)
Maximum Release Date: May 17, 2071
Federal Sentence: 6 Life Sentences

Inmate Hoover is a male African America, 61 years old, born November 30, 1950. He is currently incarcerated in a maximum federal correctional facility in Florence, Colorado. Inmate Hoover was born in the State of Mississippi and is the son of Mr. Floyd Hopskins and Ms. Obell Cooper. He is oldest of four siblings (two brothers both are decease and one sister). Inmate Hoover moved to Chicago at the age of four with his siblings and mother. He indicated that his father stayed in Mississippi. Inmate Hoover grew up on the south side of Chicago in the areas of 40th & Champaign, 68th & Green and 91st & Ada. Inmate Hoover attended Francis Parker Elementary School and went as far as the 10th grade before he was expelled. Inmate Hoover stated that he was expelled from school because he was shot in front of the principal's office due to his gang activity. Inmate Hoover has never married but maintains a common law wife and is the father of two children. Inmate Hoover has never served in the U.S. military.

In February 1974, inmate Hoover was sentenced to 150 to 200 years in the Illinois Department of Corrections for the murder of Mr. William Young. The facts surrounding inmate Hoover's conviction are as follows:
On February 26, 1973, at approximately 8:00pm, near the area of 6815 S. Union, Chicago, a witness reported to the police that he heard 3 or 4 shots fired in the alley at that location. Officers from the Chicago Police Department responded to the call and in the alley a body was discovered. The identification of the body was determined to be that of Mr. William Young. At the time of his death, Mr. Young suffered multiple gun-shot wounds to the head, both to the face and back of the head and multiple gun-shot wounds to the upper torso. Crime scene

technicians discovered a loaded .38 caliber revolver in its holster near the victim's body. Also discovered was drug paraphernalia on the body of the victim.

During the police investigation, detectives discovered that inmate Hoover and some of his associates had been looking for Mr. Young days prior to his murder. The investigation revealed that Mr. Young was suspected to have robbed a narcotics dealer of money and heroin. The narcotics dealer who had been robbed allegedly worked for inmate Hoover and the street gang known as "The Family". The narcotic sales were occurring in the Englewood area of the City of Chicago. It was further alleged that inmate Hoover, aka King Hoover (as he was know by at the time of this offense) was to have ordered the murder of Mr. Young as well as other individuals.

During the course of the police investigation, Mr. Larry Leverston was interviewed. Mr. Leverston told investigators that he was present during a conversation that occurred on February 21, 1973 along with inmate Hoover's co-defendant, Andrew Howard, when inmate Hoover ordered the execution of four individuals, including the victim, Mr. Young, for interfering with narcotic sales in the area and the robbery of narcotic dealers who worked for "The Family". Subsequently, the investigation revealed that inmate Hoover admitted participation in the events that lead to the death of Mr. Young.

The investigation also revealed that Mr. Joshua Shaw, another man allegedly ordered by inmate Hoover to be murdered, was shot six times to the upper torso. Mr. Shaw survived. Mr. Shaw corroborated the events that lead to the conviction of inmate Hoover in the murder of Mr. Young. Mr. Shaw testified before the grand jury against inmate Hoover's, co-defendant, Andrew Howard. Prior to the murder trial of inmate Hoover, Mr. Shaw was found dead with two gun-shot wounds to the back of the head. The testimony of Mr. Shaw was admitted during inmate Hoover's trial.

During the course of his interview, inmate Hoover stated that he ordered the murder of Mr. William Young but he did not shoot and kill Mr. Young on the evening of February 26, 1973. When asked why he ordered the murder of Mr. Young, inmate Hoover refused to answer the question.

As to the murder of Mr. Joshua Shaw, inmate Hoover denies the shooting or the ordering there of Mr. Joshua Shaw. Inmate Hoover stated that Mr. Shaw was at risk in life being involved in narcotics sales

As to his involvement in the Gangster Disciples Street Gang, inmate Hoover stated that he was one of the principle organizers of the in the creation street gang. When question as to his current participation and involvement, inmate Hoover denied any involvement or level of participation. He further stated that the organization that he created has been dismantled and is no longer the same organization. Inmate Hoover finally stated that he was convicted in the media for crimes that he never committed because the media painted a distorted picture of him.

As stated earlier, inmate Hoover was found guilty of the murder of Mr. Young after a jury trial. Judge Frank Wilson sentenced inmate Hoover to 150 to 200 years in the Illinois Department of Corrections after hearing matters in aggravation and in mitigation. The Appellate Court affirmed the conviction. Inmate Hoover has filed post-conviction petitions which have been dismissed.

Subsequent to inmate Hoover's murder conviction in Illinois, he was indicted by the U.S. Attorney's Office in Federal Court. Inmate Hoover was charged with continuing a criminal enterprise and narcotics conspiracy. Inmate Hoover and 48 members of the Gangster Disciples Gang were convicted and sentenced in Federal Court. The Federal investigation revealed that inmate Hoover was operating the daily activities of the Gangster Disciples street gang which included narcotic sales, money laundering, street taxes, operations, alliances and penalties from his prison cell in Illinois. The evidence presented during the course of the Federal trial was hundreds of hours of recorded conversations between inmate Hoover and members of the Gangster Disciples gang who ran the street operations. Inmate Hoover was sentenced to six lives sentenced without the possibility of parole on the Federal case.

According to inmate Hoover, there is no pending litigating related to his State murder conviction or his federal conviction. Inmate Hoover stated that he does not intend any further litigation concerning his conviction because he feels that it would be fruitless. Inmate Hoover further stated that he knows that the Prisoner Review Board will not parole him and his primary reason for participating for the interview was to that he wants the rationale sent to him.

Inmate Hoover has a lengthy juvenile arrest history but was never found delinquent.

As an adult, inmate Hoover only has an extensive arrest history but only two criminal convictions (murder and criminal drug conspiracy). Inmate Hoover has been arrested for various offenses including narcotics, weapons violations, and murder (unrelated to his present conviction).

Past Institutions: Stateville, Joliet, Vienna, Dixon and Pontiac. Federal: Terre Heut (Indiana), Marion and Florence, Colorado (23 hours lock down since 1997).
Certificates: GED and EMT responder.
Educational Advancement: GED, license as EMT and 14 hours of college credit (general course studies), Federal: ACE program (college level studies): argumentation, political science, mathematics, and psychological studies. Inmate Hoover has completed more than 100 ACE courses. He also indicated that he completed an anger management course while in federal custody. Inmate Hoover has extensively exhausted all available courses offered by the federal institutions.
Assignments: Teacher's aide, book binderary, soap shop, labor pool, C-house help (maintenance and corrections), GED instructor's aid, 1st responder (EMT) and fire and rescue responder (course only) never had the position.
Current Grade: Inmate Hoover is located in a maximum federal correctional facility. He has limited visitation rights and only a limited number of persons can visit him.
IDRs: Inmate Hoover stated that he has only acquired 5 IDRs while in State custody and 3 IDRs while in federal custody.

Inmate Hoover stated that he maintains contact with his common law wife, Ms. Windye Jenkins. Ms Jenkins had recently traveled with inmate Hoovers' son to Colorado to visit him. Inmate Hoover stated that he maintains contact with Ms. Jenkins, both of his sons, his sister and mother via FF visits, letters and phone calls.

Inmate Hoover stated during the course of his interview that he has no definite parole plans in light of the fact that he has to complete his Illinois sentence and then faces a life sentence that was subsequently imposed pursuant to his federal conviction. He stated that he would like to

be paroled by this Board just to put the Illinois conviction behind him. Finally, inmate Hoover stated that if he were paroled by the State of Illinois he knows that he would simply transfer from one cell to another.

Motion to enter executive session. (ADM-WS)
Motion approved 12-0.

Motion to go back in to open session. (JM-NS)
Motion approved 12-0.

Cook County Assistant State's Attorney stated that while Inmate's conversations were bring recorded, he stated that he was trying to deceive the PRB.

In conclusion, based on the aforementioned interview of inmate Larry Hoover, a review of the facts and circumstances surrounding his conviction, his arrest history including the fact that he was convicted by a federal court and sentenced to serve six life sentences for operating a criminal drug conspiracy while in the institution, a complete analysis of his case file which includes significant media reports, letters of protest
and letters on his behalf from citizens as well as elected officials, his institutional adjustment, his rationale concerning his criminal activity I am of the opinion that to parole inmate Larry Hoover would not only deprecate the seriousness of his offenses but would promote disrespect for the law. Furthermore, I have serious reservations that to parole Larry Hoover would have a significant negative impact on the safety of the general public.

Motion to deny parole. (ADM-NS)
Motion approved 12-0.

Motion for a three-year set. (ADM-EB)
Motion approved 7-5.
Members voting in favor of a three-year set were Althoff, Bowers, Diaz, Madison, Parrack, Simmons and Chairman Monreal.

Members voting against a three-year set were Crigler, Findley, Reynolds, Sula and Tyler.

"The Board makes a specific finding that the release of victim protest letters could subject a person to actual risk of physical harm."

**Illinois Prisoner Review Board**
**EN BANC MINUTE SHEET**
**OPEN SESSION DECEMBER 17, 2008**

Inmate Name:   **Larry Hoover**          IDOC Number & Institution:    **C01729**

The Illinois Prisoner Review Board met in Open En Banc session at 319 East Madison Street, Suite A, Springfield, Illinois, on December 17, 2008, at the 8:00am session to discuss and deliberate parole eligibility for the above referenced inmate.

Members present were: E. Althoff, E. Bowers, N. Bridges-Mickelson, S. Diaz, R. Dunne, D. Frier, J. Johnson, J. Madison, M. Maxwell, N. Sula, G. Tyler
Members not present were: Chairman J. Montes, C. Findley
Other(s) present:  K. Boster, Recording Secretary

**Summary of discussion for parole consideration:**  Mr. Bowers presented a summary of the parole interview and a review of all file materials. Mr. Hoover was scheduled to be heard via video conference on December 4, 2008. He refused his hearing and signed a waiver. He is in a federal prison in Colorado serving a federal sentence. His Illinois sentence is 150-200 years for murder. He is coming off a three year set. While serving time in Illinois he was charged with running the gangster disciples from inside Department of Corrections.

Motion to deny parole that release would deprecate the serious nature of the offense and promote disrespect for the law. (EB - EA)
Discussion:  Mr. Dunne took the protest from the State's Attorney and referenced parts of the letters.

Motion approved 11-0

Motion to deny parole for a three year set. (EB – NBM)
Discussion:  Board members felt that they would not vote favorable in the next three years.

Motion approved 11-0

**Parole denied for a three year set.**

"The Board makes a specific finding that the release of victim protest letters could subject a person to actual risk of physical harm."

Illinois Prisoner Review Board
**EN BANC MINUTE SHEET**
OPEN SESSION NOVEMBER 10, 2005

Inmate Name: **Larry Hoover**    IDOC Number & Institution:    **C01829 Dixon**

The Illinois Prisoner Review Board met in Open En Banc session at 319 East Madison Street, Suite A, Springfield, Illinois, on November 10, 2005 at the 8:00am session to discuss and deliberate parole eligibility for the above referenced inmate.

Members present were: E. Althoff, N. Bridges-Mickelson, J. Donahue, R. Dunne A. Fox, D. Frier, J. Johnson, J. Madison, M. Maxwell, N. Sula, G. Tyler, B Hubbard, C. Findley, J. Montes, J. Stenson
Members not present were:

Other(s) present: K. Boster, Recording Secretary

Summary of discussion for parole consideration: Mr. Stenson presented a summary of the parole interview and a review of all file materials. Mr. Hoover was heard November 9, 2005, via telephone conference. He is in federal custody in Colorado and 6 federal life sentences. His Illinois sentence is 150-200 years for murder. During his hearing he had the following concerns. 1) He indicated that he had not received his disposition of his hearing in 2002. 2) He requested to review his file. He was informed via letter prior to his hearing that his file is available to his attorney or representative and they can review it in the office. 3) His federal institutional adjustment report was not in his file. A request was sent to the federal institution and it was explained that this information does not change the facts, he is still serving 6 life sentences.
Facts of the 1973 murder were reviewed. The facts were not disputed. The State's Attorney letter was read and he disputed some of the facts, which were corrected. He admitted the crime. He committed federal crimes while a prisoner of Illinois. Some crimes are so heinous to society and he should remain in federal custody.

Motion to deny parole that release would deprecate the serious nature of the offense and promote disrespect for the law. (JS - BD)

Motion approved 15-0

Motion to deny parole for a three year set. (JS – NS)
Discussion: Members noted that they would not vote favorably in the next three years.

Motion approved 15-0

Parole denied for a three year set.